CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
12/17/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:21-cr-00020 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| WILLIAM MAY ) | Chief United States District Judge |

## MEMORANDUM OPINION

Before the court is defendant William May's pro se motion for early termination of supervised release. (Dkt. No. 40.) The court ordered the government to respond (Dkt. No. 41), and the United States does not oppose the relief requested. (Dkt. No. 42.) Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve May's motion. The court will grant May's motion.[1]

## I. BACKGROUND

On January 26, 2022, the court accepted May's guilty plea to Counts One and Two of the Information. (Dkt. No. 23.) Those counts charged him with two felonies: conspiracy to distribute methamphetamine (Count One); and possession with intent to distribute methamphetamine (Count Two). On June 9, 2022, the court sentenced him to 36 months on each count, to be served concurrently, to be followed by concurrent supervised release terms of five years on each count. The court also imposed a special assessment of $100 on each count and a fine of $100 on each count. Judgment was entered on June 22, 2022. (Dkt. No. 36.) May was released from custody on December 7, 2023.

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

On November 21, 2025, May filed a *pro se* motion asking for early termination of his remaining supervised release term.  May has now completed more than two years of his original term.  He has complied with the terms of his supervised release, has maintained a stable home with his mother, has kept employed consistently, working performing maintenance for a hotel in Harrisonburg, and has been fully compliant since starting supervision.  Importantly, he was successfully discharged from drug treatment at Rockingham Harrisonburg Community Services Board, and he has not demonstrated any signs or new drug use or had any new criminal charges.  All fines and fees related to his underlying offense conduct have been paid in full.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.

1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While May's offense was serious, it was tied in large part to his substance use and addiction, and he has shown sincere efforts to treat those problems and received treatment for his addiction.  Further, as the United States notes, his criminal history was minimal, and he speedily accepted responsibility with respect to his underlying conviction.  He also has no history of violent conduct.  He appears to have successfully transitioned back into the community, is living a stable life, and has been fully compliant with all terms of his release.

The court finds that there is no longer a need to protect the public or to deter May from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant May's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, May's motion for early termination of supervised release (Dkt. No. 40) will be granted.  The court will issue an appropriate order.

Entered: December 17, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge